UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAIL KELLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2031** |
| **MICHELLE ROGOW ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Plaintiff Gail Kelley has failed to adequately plead the amount in controversy in her Complaint. Accordingly, Plaintiff shall amend her notice to correct this jurisdictional defect within 20 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon the Court's diversity jurisdiction.[2] Cases arising under § 1332 require, *inter alia*, an amount in controversy that exceeds the sum of $75,000 exclusive of interest and costs.[3]

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).
[2] *See* 28 U.S.C. § 1332.
[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted); 28 U.S.C. § 1332.

Plaintiff bears the burden of demonstrating that the amount in controversy requirement is met.[4] In considering whether this burden is met, the Court first examines "the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount."[5] If the amount in controversy is not apparent, the Court "may then rely on 'summary judgment' type evidence.[6]

On the face of Plaintiff's Complaint, it is not apparent that the amount in controversy exceeds $75,000. Plaintiff alleges violations of the Louisiana Electronic Surveillance Act. Pursuant to Louisiana Revised Statutes § 15:1312, violations of this act can result in the recovery of:

> (1) Actual damages, but not less than liquidated damages computed at the rate of one hundred dollars a day for each day of violation or one thousand dollars, whichever is greater.
> (2) A reasonable attorney's fee and other litigation costs reasonably incurred.
> (3) Punitive damages.

Plaintiff's Complaint does not make any allegations regarding actual damages or the length of the violation at issue. The Court is unequipped to determine whether the amount in controversy is met based off of the allegations of the Complaint. Further, no "summary judgment" type evidence has been provided.

Plaintiff's failure to properly allege the requisite amount in controversy is not fatal.[7] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A

---

[4] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[5] Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002).
[6] *Id.*
[7] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).

district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[8] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[9] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[10] The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. Accordingly, Plaintiff is granted leave to amend the Complaint to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to adequately allege the requisite amount in controversy. Plaintiff is granted leave to amend the Complaint within 20 days from the entry of this Order. Failure to file timely an amended notice will result in remand for lack of subject matter jurisdiction.

New Orleans, Louisiana this 30th day of September, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[8] *Id.* at 888.
[9] *Id.*
[10] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).