UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAIL KELLEY                                                    CIVIL ACTION

VERSUS                                                         NO: 25-2031

MICHELLE ROGOW ET AL.                                          SECTION "H"

ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss, or in the Alternative, Quash Insufficient Service (Doc. 14).  For the following reasons, the Motion is **GRANTED IN PART**.

BACKGROUND

Plaintiff Gail Kelley allegedly sustained physical injuries in a fall at a vacation rental property, and she subsequently brought a claim for personal injuries in state court against the home's owner, Defendant Michelle Rogow. Rogow is represented by Defendants Andrew Decoste, Derek Graves, and Carleton Ketcham II in that litigation. In the course of that litigation, oral communications and video recordings intercepted of Kelley while she stayed at the home were filed into the public record. This matter arises out of that disclosure. On September 29, 2025, Kelley brought claims in this Court under the Louisiana Electronic Surveillance Act, the Federal Electronic

1

Communications Privacy Act, and Louisiana Revised Statutes § 21:61 against Rogow, Decoste, Graves, and Ketcham.[1]

Now before the Court is Defendants' Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), or in the alternative, to quash insufficient service. Plaintiff opposes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for "insufficient service of process."[2] A Rule 12(b)(5) challenge contests the manner in which process was served.[3] "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity."[4] In ruling on a Rule 12(b)(5) motion, district courts enjoy broad discretion.[5]

## LAW AND ANALYSIS

Defendants allege that Plaintiff has failed to effect proper service on any Defendant. Rule 4(e) provides that service may be effected on an individual defendant by (1) following the procedural methods of service provided by the state in which the district court is located, (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of

---

[1] Plaintiff filed an amended complaint on October 20, 2025 after this Court ordered her to adequately allege amount in controversy.
[2] FED. R. CIV. P. 12(b)(5).
[3] Id.
[4] Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).
[5] Henderson v. Republic of Texas, 672 F. App'x 383, 384 (5th Cir. 2016).

suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." This Court will consider Plaintiff's service on each of the Defendants.

### A. Service on Defendants Decoste, Graves, and Ketcham

Plaintiff attempted service on Decoste, Graves, and Ketcham by delivering the Summons and Complaint to a receptionist, Madison Robinson, at the New Orleans location of their law office. Defendants state, and Plaintiff has not shown otherwise, that Ms. Robinson is not authorized to receive service on their behalf. Service on Decoste, Graves, and Ketcham was therefore made at their office on an individual who was not authorized to receive service of process on their behalf. Accordingly, Plaintiff has not complied with any of the options for service delineated by Rule 4(e) in serving these Defendants. Plaintiff does not present evidence that any additional efforts to serve the original complaint were made.[6] Accordingly, service on Defendants Decoste, Graves, and Ketcham was insufficient.

---

[6] Plaintiff served Defendants with the Amended Complaint in the same fashion. While service of subsequent pleadings may be appropriate in this fashion under Federal Rule of Civil Procedure 5, "a party may not avail itself of the more relaxed standard under Rules 5(a)(1)(B) and 5(b) to effect proper service of an amended complaint unless the defendant has appeared in the first instance." Deutsche Bank Nat'l Tr. Co. as Tr. for Argent Sec. Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 v. Morris, 350 F.R.D. 367, 369 (N.D. Tex. 2025). "[T]he plain language of Rule 5 indicates that it is the rule to govern amended pleadings after Rule 4 service has been properly completed." Arigna Tech. Ltd. v. Bayerische Motoren Werke AG, 697 F. Supp. 3d 635, 643 (E.D. Tex. 2023).

**B. Service on Defendant Rogow**

As to Defendant Rogow, Defendants allege that to the extent Plaintiff attempted service on Rogow through her attorneys, they are not registered agents for Rogow and therefore service on her was also insufficient.

In response, Plaintiff presents an incomplete server affidavit that she contends proves that personal service was made on Rogow on October 7, 2025. However, the proof of service provided by Plaintiff does not indicate a date of service. Plaintiff attempts to remedy this deficiency by providing an invoice from the process server that indicates that Rogow was personally served on October 7, 2025. Rule 4, however, is explicit that proof of service "*must* be by the server's affidavit."[7] Plaintiff has provided this Court with no law suggesting that service can be proven by other evidence. Accordingly, Plaintiff has not carried her burden to show that proper service was made on Rogow on October 7, 2025.

Subsequent to the briefing filed in response to this Motion, Plaintiff filed an additional proof of service regarding Rogow.[8] Therein, the process server affidavit indicates that Rogow was served with summons and the Amended Complaint at her home on January 18, 2026. However, this service was made well outside of the 90-day period for service provided by Rule 4(m), and no

---

[7] FED. R. CIV. P. 4(l) (emphasis added).
[8] Doc. 21.

4

extension of time for service was sought.[9] Accordingly, this service was also insufficient.

### C. Judicial Admission

In opposition to this Motion, Plaintiff argues that Defendants admitted to proper service in their Motion for Extension of Time to Answer in which they stated that they were served with the Amended Complaint on October 28, 2025. She contends that this statement is a binding judicial admission. But Defendants did not admit that service was proper, and they did not waive their objections to service. Objections to service of process are waived only if not "raised in the answer or by motion before the filing of a responsive pleading."[10] Further, "[i]n the absence of valid service of process, proceedings against a party are void."[11] Accordingly, this argument fails to establish proper service.

### D. Good Cause

Because Plaintiff's attempts at service were insufficient, her claims against Defendants are subject to dismissal. Rule 4(m) of the Federal Rules provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or

---

[9] The Complaint was filed on September 29, 2025, and therefore service was due by December 28, 2025. The Amended Complaint did not restart the period provided by Rule 4(m). Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006) (stating that "period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint"); Lara v. Martinez, No. 2:25-01, 2025 WL 2825634, at *2 (W.D. Tex. Aug. 15, 2025), *report and recommendation adopted*, No. DR:25-CV-00001-EG-MHW, 2025 WL 2825633 (W.D. Tex. Oct. 3, 2025) ("Amending a complaint does not restart this time period.").

[10] Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1298 (5th Cir. 1985).

[11] Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981).

> order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[12]

"To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[13] Even in the absence of good cause, however, the Court has discretion to extend the time for service.[14]

Plaintiff has not shown that any of the Defendants were properly served within the 90-day period provided by Rule 4(m). Further, Plaintiff has not set forth any basis for this Court to find good cause for her failure to properly serve Defendants. Indeed, it appears that her failure was a result of ignorance of the law. That said, where, as here, "there is a 'reasonable prospect that plaintiff ultimately will be able to serve defendant properly,' the proper course of action is to quash service and allow the plaintiff another opportunity to effectuate service, as opposed to dismissing the case."[15] Accordingly, this Court will exercise its discretion to extend the time for service.

---

[12] FED. R. CIV. P. 4(m).
[13] Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) (internal quotation omitted).
[14] Yarbrough v. Swift, Civil Action No. 18-10093, 2019 WL 2027173, at *5 (E.D. La. May 8, 2019).
[15] Williams v. Zordan, No. CV 21-1061, 2023 WL 6451111, at *7 (W.D. La. Sept. 29, 2023) (quoting 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1354 (3d ed.)).

## **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED IN PART**, and Plaintiff shall have 30 days from this Order to properly effect service on Defendants.

New Orleans, Louisiana this 2nd day of February, 2026.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**