**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GAIL KELLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2031** |
| **MICHELLE ROGOW ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Set Aside Default (Doc. 31). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Gail Kelley allegedly sustained physical injuries in a fall at a vacation rental property, and she subsequently brought a claim for personal injuries in state court against the home's owner, Defendant Michelle Rogow. Rogow is represented by Defendants Andrew Decoste, Derek Graves, and Carleton Ketcham II in that litigation. In the course of that litigation, oral communications and video recordings intercepted of Kelley while she stayed at the home were filed into the public record. This matter arises out of that disclosure.

On September 29, 2025, Kelley brought claims in this Court under the Louisiana Electronic Surveillance Act, the Federal Electronic Communications Privacy Act, and Louisiana Revised Statutes § 21:61 against Rogow, Decoste, Graves, and Ketcham. Service in this matter has been the subject of much

1

litigation.[1] That said, Plaintiff initially served Rogow with the original Complaint on October 7, 2025.[2] Plaintiff filed an Amended Complaint on October 20, 2025 after this Court ordered her to adequately allege the amount in controversy. Plaintiff alleges that she served the Amended Complaint on Rogow by mail on March 5, 2026. When Rogow failed to make an appearance, Plaintiff moved for entry of default. The Clerk of Court entered default against Rogow on April 21, 2026. Rogow moved to set aside the entry of default on April 25, 2026.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented.[3] These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default."[4] In deciding a Rule 55(c) motion, this Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[5]

---

[1] *See* Doc. 22.

[2] Plaintiff did not file proper proof of this service until April 6, 2026. Doc 24.

[3] Lacy v. Sitel Corp., 277 F.3d 290, 292 (5th Cir. 2000).

[4] Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).

[5] *See Lacy*, 277 F.3d at 292.

## LAW AND ANALYSIS

The balance of Rule 55(c) factors weighs in favor of setting aside default in this matter. First, the default does not appear to be willful. Although Rogow admits that she was served with the original complaint on October 7, she contends that service of the Amended Complaint to her by mail on March 5, 2026 was improper because she is represented by counsel. She correctly points out that pursuant to Federal Rule of Civil Procedure 5(b)(1), any pleading after the original complaint must be made on the attorney if a party is represented. Plaintiff, however, did serve a receptionist at the law office of Rogow's attorneys—who are also defendants in this matter—with the Amended Complaint on October 28, 2025. Although the October 28, 2025 service on Rogow's attorneys was insufficient to serve them personally under Rule 4, Rogow does not explain why this method of service of the Amended Complaint is insufficient on her under Rule 5. Accordingly, the Court finds that Rogow has been properly served with the Amended Complaint. The Court agrees, however, that her failure to file a timely response was not willful. There has been much confusion in this matter regarding proper service.[6] In fact, Plaintiff did not file adequate proof that Rogow had been served with the original complaint on October 7, 2025 until April 6, 2026.[7] Accordingly, in light of the extensive motion practice regarding proper service and Plaintiff's delay in

---

[6] *See* Doc. 22.
[7] Doc. 24.

adequately proving proper service, this Court finds that Rogow's failure to timely file responsive pleadings was not willful.

Second, Plaintiff will not suffer substantial prejudice in setting aside default. There is no trial date set in this matter, and no discovery has taken place. In addition, the Court notes that Defendant sets forth valid defenses in her Motion. Other Defendants in this matter have filed a Motion to Dismiss that is currently pending before this Court, raising many of the same defenses. Finally, Defendant acted quickly in moving to set aside default just four days after it was entered.

In sum, the Court finds that the default was not willful, that Rogow acted quickly to remedy the default, that Plaintiff will not be prejudiced by setting aside the default, and that Rogow can present a meritorious defense. Given the foregoing, there can be no doubt that Defendant has established the good cause necessary under Rule 55(c). Accordingly, the entry of default against Defendant Rogow shall be set aside.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion is **GRANTED,** the entry of default against Michelle Rogow is set aside.

New Orleans, Louisiana this 27th day of July, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

4